IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JODY D. HOWARD, | ) | CASE NO. 3:13 CV 405 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| NEIL TURNER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-
     A.    Background facts, trial, conviction, and sentence . . . . . . . . . . . . . . . . . . .  -3-
     B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -7-
          1.    Ohio appeals court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -7-
          2.    Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -9-
     C.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -11-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -14-
     A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -14-
     B.    Applicable law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-
          1.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-
          2.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -17-
     C.    Application of law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -20-
          1.    Ground one should be dismissed as procedurally defaulted. . . .  -20-
          2.    Ground two should be dismissed as procedurally defaulted, and
               ground four should be denied on the merits. . . . . . . . . . . . . . .  -23-
          3.    Ground three – that there was insufficient evidence to support
               Howard's conviction for tampering with evidence – should be
               denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -27-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -30-

## Introduction

Before me by referral[1] is the petition of Jody D. Howard for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Howard is currently incarcerated by the State of Ohio at the North Central Correctional Complex in Marion, Ohio, where he is serving a combined term of 36 years in prison as a result of his 2010 conviction by a jury in an Ohio court of three counts of rape, three counts of gross sexual imposition, 26 counts of pandering obscenity to a minor, 26 counts of illegal use of a minor in nudity-oriented material or performance, and one count of complicity to tamper with evidence.[3]

In his petition, Howard raises four grounds for relief.[4] The State in its return of the writ contends that Howard's petition should be dismissed in part as procedurally defaulted and denied in part on the merits.[5] Howard has filed a traverse.[6]

For the reasons that follow, I will recommend that Howard's petition be dismissed in part and denied in part as is more fully set forth below.

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Sara Lioi in a marginal entry order dated March 1, 2013.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.* at 5, 7, 8, and 10.

[5] ECF # 9.

[6] ECF # 14.

# Facts

**A.    Background facts, trial, conviction, and sentence**

The Ohio appeals court found[7] that the relevant facts "stem from Howard's victimization of his sister-in-law, S.S., who was less than 13 years of age at the time of the incidents, his creation of obscene pornographic material involving S.S., his creation of child pornography, and his complicity in destroying the obscene pornographic material involving S.S. following his indictment for the same."[8]

Howard was initially indicted in July 2009 on 40 counts of rape and eight counts of gross sexual imposition, to which he pled not guilty.[9] In February 2010 Howard was additionally indicted for multiple counts of pandering obscenity involving a minor, illegal use of a minor in a nudity-oriented performance, and complicity to tamper with evidence.[10] After Howard moved to sever the charges of the latter indictment from the first, the prosecution moved to dismiss all but three counts of the original indictment.[11] After granting that motion, the trial judge denied Howard's motion.[12]

---

[7] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[8] ECF # 9-20 (state court record), at 317.

[9] *Id.*

[10] *Id.*, at 317-18.

[11] *Id.*, at 318.

[12] *Id.*

A jury trial was held in late June and early July of 2010.[13] As determined by the appellate court,[14] the evidence at trial showed that S.S. initially told several members of law enforcement and testified to the grand jury that she and Howard had engaged in sexual relations, and that Howard had otherwise acted sexually with her, making "consistent, detailed statements, including the locations, the signal, the persons present."[15] The court noted that although she later "testified at trial that she had lied about [her prior accounts of] the incidents, there was testimony that S.S. loved Howard and that S.S. stated that she wished she had never said anything about what had happened."[16] Moreover, the court observed that "the jury was made aware of the family's possible attempt to cover up what happened," including Howard's father-in-law's believing S.S.'s changed story and "evidence that Howard's wife, Nikki, helped destroy evidence in the case [of the child pornography] and accused her own father of molesting S.S."[17]

In addition, while noting that it was circumstantial evidence, the Ohio appeals court cited "evidence demonstrat[ing] that Howard became irate and suicidal in direct response to

---

[13] *Id.*

[14] The State observes that the appeals court opinion began its analysis of the assignments with an exceptionally lengthy, "blow-by-blow" account of the trial testimony (over 40 pages of the appellate opinion) rather than with a concise summary of its factual findings. ECF # 9 at 2 n.3. However, the appeals court did ultimately make factual findings in its analysis of the various assignments of error. Those ultimate findings are cited above.

[15] ECF # 9-20, at 370.

[16] *Id.*

[17] *Id.*, at 371.

S.S.'s admission to Nikki that she had sex with Howard."[18] The court further noted that Howard himself had admitted to Nikki during a recorded phone call at the jail "that 'something' happened [with S.S.] but would not give details."[19] Moreover, there were witnesses who testified to "Howard and S.S. interact[ing] like a boyfriend and girlfriend," as well as transcripts of MySpace "chats where Howard indicates how much he misses S.S. and asks S.S. to delete his MySpace messages because Nikki is getting suspicious."[20]

"While none of these pieces of evidence individually may have been enough to convict Howard," the court concluded," taken together, along with S.S.'s multiple, consistent statements implicating Howard, the evidence weighs in favor of Howard's guilt" as to rape and gross sexual imposition.[21]

As to creating child pornography with S.S., the court found that the trial jury heard evidence of S.S.'s grand jury testimony that Howard had made a cell phone video of her in the shower.[22] In addition, the trial jury "listened to Howard's phone call from jail wherein Howard asked Nikki to get rid of his cell phone's SD card that was in his wallet."[23] In that

---

[18] *Id.*, at 372. To put Howard's action in context, the record shows that Howard worked as a rehabilitation counselor with the Ohio Department of Youth Services, and prior to that as an auxiliary officer with the Marion County Sheriff's Department. *See*, *id.* at 115.

[19] *Id.*

[20] *Id.*

[21] *Id.*, at 372-73.

[22] *Id.*, at 367.

[23] *Id.*

same call the jury also heard Nikki telling Howard that she found what he is talking about, and then telling Howard that she "is looking at it now," while he tells Nikki, "'please don't, please, please, please' several times."[24] "In the background a young girl is heard giggling and laughing on what sounds like a video clip."[25] After viewing this, Nikki tells Howard, "'I just don't understand" and "'why did you do this, why?'" To which Howard promises that he will "'make it  better' when he gets out of jail," and asks Nikki to "'get rid of it, now.'"[26]

This evidence, the appellate court found, established that Howard had pandered obscenity involving a minor, and had illegally used a minor in a nudity-oriented performance.[27]

Finally, as to the charges involving the possession of child pornography, the Ohio appeals court determined that the evidence was that the hard drive of Howard's computer had "over one thousand images of child pornography, multiple text references to terms indicative of child pornography, and texts indicative of Google searches for child pornography."[28]

After finding Howard guilty of all remaining counts of the indictment, on August 19, 2010, the trial court sentenced Howard to an aggregate sentence of 36 years in prison.[29]

--------

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*, at 367.

[28] *Id.*, at 368.

[29] *Id.*, at 318-19.

**B.** **Direct appeal**

*1.* ***Ohio appeals court***

On September 20, 2010, Howard, through a different attorney than had represented him at trial,[30] timely filed[31] a notice of appeal. In his brief, Howard raised the following 12 assignments of error:

1.    The trial court erred to the prejudice of Defendant-Appellant by denying his Motion to Sever the counts.

2.    The record contains insufficient evidence to support Defendant-Appellant's conviction for Pandering Obscenity Involving a Minor in violation of R.C. 2907.321(A)(1) [Count 51].

3.    The record contains insufficient evidence to support Defendant-Appellant's conviction for Pandering Obscenity Involving a Minor in violation of R.C. 2907.321(A)(5) [Counts 52-76].

4.    The record contains insufficient evidence to support Defendant-Appellant's conviction for Illegal Use of a Minor in a Nudity-Oriented Material or Performance in violation of R.C. 2907.323(A)(1) [Count 77].

5.    The record contains insufficient evidence to support Defendant-Appellant's conviction for Illegal Use of a Minor in a Nudity-Oriented Material or Performance in violation of R.C. 2907.323(A)(1) [Counts 78-102].

6.    Defendant-Appellant's conviction for Rape is contrary to the manifest weight of evidence. [Counts 1-3].

---

[30] J.C. Ratliff was Howard's attorney at trial, (*see*, ECF # 9-15, at 150), while Kevin P. Collins represented him on appeal (*see*, ECF # 9-16, at 151).

[31] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

7.      Defendant-Appellant's conviction for Gross Sexual Imposition is contrary to the manifest weight of evidence. [Counts 41, 42 and 43].

8.      The record contains insufficient evidence to support Defendant-Appellant's conviction for Complicity to Tampering with Evidence. [Count 103].

9.      The trial court erred to the prejudice of Defendant-Appellant and violated his right to Confrontation under the Sixth and Fourteenth Amendments to the U.S. Constitution and Section 10, Article 1 of the Ohio Constitution by allowing deputies to testify about Nikki's statements that he had sex with [S.S.]. [ Counts 1-3 and 41-43].

10.     The trial court erred to the prejudice of Defendant-Appellant and violated his right to Confrontation under the Sixth and Fourteenth Amendments to the U.S. Constitution and Section 10, Article 1 of the Ohio Constitution by allowing deputies to testify about Nikki's statements about the video on his cell phone.

11.     Defendant-Appellant received prejudicial ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendments rights, as well as his rights under Section 10, Article 1, Ohio Constitution.

12.     The combination of the aforementioned errors are sufficient to call into question the validity of the verdict, preventing the appellant from obtaining the fair trial guaranteed by the Fifth and Sixth Amendments to the U.S. Constitution as made applicable to the States by the Fourteenth Amendment and Article 1, Sections 10 and 16 of the Ohio Constitution.[32]

---

[32] ECF # 9 -17, at 158-186.

After the State filed a brief in response[33] to which Howard replied,[34] the Ohio court of appeals on July 18, 2011, affirmed the decision of the trial court, overruling Howard's assignments of error.[35]

## 2.      *Supreme Court of Ohio*

Howard, on September 1, 2011, thereupon timely appealed[36] to the Supreme Court of Ohio through the same counsel as had represented him at the court of appeals.[37] In his memorandum in support of jurisdiction, Howard set forth the following six propositions of law:

1.      The filing of a pretrial motion for severance along with a specific and detailed memorandum in support is sufficient to preserve a claim of improper joinder on appeal, unless the claim of improper joinder is based on facts that were not presented in the motion and not known until testimony was presented at trial.

2.      The joinder of counts for rape and gross sexual imposition involving a single child victim with counts for possession of child pornography neither depicting that child victim nor alleged to have been shown to that child victim is highly prejudicial and improper.

---

[33] ECF # 9-18, at 208-84.

[34] ECF # 9-19, at 285-315.

[35] ECF # 9-20, at 316-85.

[36] Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) provides that an appeal must be filed within 45 days of the judgment being appealed. Here, the appellate judgment was entered on July 18, 2011, and the notice of appeal filed in the Supreme Court on September 1, 2011.

[37] ECF # 9-21, at 386.

3.   A statement made by a person about the reason for the defendant's attempt to commit suicide that is made in response to questions posed by the police after the defendant was transported to the jail is testimonial. The police officer's recitation of that statement at the Defendant's trial violates the Confrontation Clause.

4.   A statement is testimonial when it is made by a person incriminating the defendant and is made in response to a police threat to prosecute the person if they do not turn over evidence. It's recitation by the police officer at Defendant's trial violates the Confrontation Clause regardless of whether it is excepted from the hearsay rule as the statement of a co-conspirator.

5.   The offense of Complicity to Tampering with Evidence in violation of R.C. 2923.03(A)(4) and 2921.12(A)(1) requires proof that a person actually altered or destroyed the evidence .

6.   With regard to the claim of ineffective assistance of counsel, trial strategy must be articulable and plausible. Trial counsel is deficient with respect to an essential duty when he fails to preserve for appeal issues regarding the misjoinder and violation of the Confrontation Clause thereby subjecting the claims to plain error analysis.[38]

After the State filed a memorandum in opposition,[39] on November 30, 2011, the

Supreme Court of Ohio declined jurisdiction and dismissed the appeal.[40] The record does not

indicate that Howard then sought a writ of certiorari from the United States Supreme Court.

---

[38] ECF # 9-23, at 389.

[39] ECF # 9-24, at 483-496.

[40] ECF # 9-25, at 497.

-10-

## C.     Federal habeas petition

On February 25, 2013, Howard, through new counsel, timely[41] filed the present

petition for federal habeas relief, raising the following four grounds for relief together with

supporting facts:

> **GROUND ONE**: Petitioner was denied due process when the counts of rape
> and gross sexual imposition were joined with counts for possession of child
> pornography and not severed.
>
> **Supporting Facts**: Mr. Howard was charged with rape and gross sexual
> imposition involving a single child victim, he was subsequently charged with
> possession of child pornography unrelated in any way to the single child
> victim. Trial counsel moved to have the charges severed which the trial court
> denied. The court of appeals denied this claim because Mr. Howard's trial
> counsel failed to renew his severance motion at the end of the state's case.
> These decisions prejudiced Mr. Howard and denied him due process and a fair
> trial.
>
> **GROUND TWO**: Petitioner was deprived of his 6th Amendment right of
> confrontation when hearsay statements were admitted against him.
>
> **Supporting Facts**: The State presented testimony through Detective Miller
> and Major Corwin that Nikki Howard told them that the victim "admitted that
> they had sex but Jody admitted something happened but he wouldn't be
> specific about what happened." The State also presented testimony through
> Deputy Scheiderer that Ms. Howard told him "there's a video of [S.S.] wearing
> a towel on her head naked from the neck down dancing around in front of the
> camera." The State also presented testimony through Major Clinet that Ms.
> Howard told him "there was a video of [S.S.] fresh out of a shower with a
> towel on her head naked dancing and laughing." Deputy Brown testified that

---

[41] Although the present petition was filed more than one year after the decision of the
Ohio Supreme Court dismissing Howard's appeal, the United States Supreme Court teaches
that for purposes of computing the time within which a petitioner may file for habeas relief,
the one year period imposed by statute shall not begin until the ninety day period for seeking
a writ of certiorari has expired, regardless of whether the petitioner actually seeks such relief
or not. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Thus, the present petition is timely.

Ms. Howard told him the card had a video "of her sister naked with a towel wrapped around her head dancing around." Nikki Howard did not testify at trial.

**GROUND THREE**: Petitioner's due process rights were violated when he was convicted of Complicity to Tamper with Evidence despite the absence of proof that a person actually altered or destroyed evidence.

**Supporting Facts**: The State presented testimony that Petitioner asked Nikki Howard via telephone to get rid of something that would be found in his wallet. The State did not present evidence that anyone actually altered or destroyed evidence.

**GROUND FOUR**: Petitioner was deprived of his right to the effective assistance of trial counsel.

**Supporting Facts**: Trial counsel failed to object to the hearsay statements that are the basis for Ground Two. Trial counsel further failed to renew his objection to the joinder of claims that are the basis for Ground One. Petitioner was prejudiced as a result of counsel's deficient performance.[42]

As noted, the State maintains that grounds one and four, which pertain to an alleged denial of due process in failing to grant the motion for severance and a claim of ineffective assistance of trial counsel, are procedurally defaulted. The State argues that any motion for severance once made must be renewed at the close of the prosecution's case or at the conclusion of all evidence, and that Howard's failure to so renew his motion precluded the Ohio appeals court from considering his claim on the merits except for a plain error review.[43] Moreover, because Howard never raised an ineffective assistance of counsel claim directed to this issue in his assignment of error to the state court, but raised it for the first time in his

---

[42] ECF # 1 at 5, 7, 8, 10.

[43] ECF # 9 at 13-14.

-12-

reply brief on appeal, the court of appeals could not consider this claim.[44] Nor was the claim preserved by being raised to the Ohio Supreme Court, which may not consider claims that were not properly raised to the appeals court.[45]

Similarly, the State argues that Howard's Confrontation Clause claim in ground two is likewise procedurally defaulted because trial counsel did not offer a contemporaneous objection, and because the ineffective assistance claim that was presented to the Ohio appeals court, and is asserted here as cause for the default in ground four, was not unreasonably rejected by the Ohio court in applying the clearly established federal law of *Strickland v. Washington*.[46]

Finally, the State contends that ground three, which asserts that there was insufficient evidence to support Howard's conviction for tampering with evidence, should be denied on the merits because the state court decision in this regard was not an unreasonable application of the clearly established federal law of *Jackson*.[47]

Howard in his traverse maintains that ground one is not procedurally defaulted because the memorandum to sever filed by Howard the day after the filing of the supplemental indictment should be understood in light of Ohio Criminal Rule 51 as an

---

[44] *Id.* at 15.

[45] *Id.* at 16.

[46] *Id.* at 17-21.

[47] *Id.* at 21-25.

exception to the rule requiring a renewal of a motion to sever at the close of evidence.[48]

Moreover, he argues that the charges related to abuse of S.S. should not have been joined to

the child pornography charges in the first place because the evidence concerning the

pornography offenses was purely intended to impermissibly show Howard's character as a

pedophile and then prove he acted in conformity with that character.[49]

Howard further maintains that the remaining grounds are meritorious.[50]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Howard is currently in state custody as a result
of his conviction and sentence by an Ohio court, and that he was so
incarcerated at the time he filed this petition. Thus, Howard meets the
"in custody" requirement of the federal habeas statute vesting this
Court with jurisdiction over the petition.[51]

2.    There is also no dispute, as detailed earlier, that the petition here was
timely filed under the applicable statute.[52]

---

[48] ECF # 14 at 8-9.

[49] *Id.* at 9-12.

[50] *Id.* at 12-19.

[51] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[52] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

-14-

3.      In addition, Howard states,[53] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[54]

4.      Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[55]

5.      Finally, because Howard is represented by counsel, he has not requested the appointment of counsel,[56] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[57]

**B.      Applicable law**

**1.      *Procedural default***

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[58]

---

[53] ECF # 1 at 12.

[54] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[55] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[56] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[57] 28 U.S.C. § 2254(e)(2).

[58] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

-15-

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[59]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[60]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[61] In addition, a showing of actual innocence may also excuse a procedural default.[62]

---

[59] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[60] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[61] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[62] *Id.*

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[63] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[64] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[65]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[66] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[67]

## 2.    *AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly

---

[63] *Id.* at 753.

[64] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[65] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[66] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[67] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[68]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[69] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[70] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[71]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law

---

[68] 28 U.S.C. § 2254(d).

[69] *Williams v. Taylor*, 529 U.S. 362 (2000).

[70] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[71] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

erroneously or incorrectly."[72] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[73]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[74] and "highly deferential" to the decision of the state court.[75] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[76] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[77]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[78]

---

[72] *Williams*, 529 U.S. at 411.

[73] *Id.* at 409.

[74] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[75] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[76] *Richter*, 131 S. Ct. at 786.

[77] *Id.* at 786-87.

[78] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[79] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[80] In such circumstances, the federal habeas court must give deference to the decision of the state court.[81]

## C. Application of law

### 1. *Ground one should be dismissed as procedurally defaulted.*

As noted, this ground involves Howard's claim that charges relating to alleged abuse of S.S. were impermissibly joined to child pornography charges. The Ohio appeals court concluded that Howard procedurally defaulted this claim by not renewing his motion to sever at the close of the State's case or the conclusion of all evidence, thus waiving appellate review for all but plain error[82] – which, as the State observes, is considered to be consistent with enforcing a procedural default.[83] Howard, as stated above, argues that under Ohio Criminal Rule 51 his filing of a written motion for severance prior to trial already called the

---

[79] *Richter*, 131 S. Ct. at 784-85.

[80] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[81] *Brown*, 656 F.3d at 329.

[82] ECF # 9-20 at 377.

[83] ECF # 9 at 14 (citations omitted).

court's attention to the joinder issue and so he was not required to raise the issue by motion during the trial.[84]

      Howard did not raise to the Ohio appeals court the claim that his written motion for severance precluded any need for making a motion during trial. In fact, his one-paragraph argument to the Ohio appellate court on this claim strictly centered on the assertion that the trial court had abused its discretion in denying the written motion to sever.[85] It was only after the appeals court opinion found this claim procedurally defaulted because of Howard's failure to move for severance at trial that Howard then raised for the first time in his brief to the Ohio Supreme Court the assertion that his pre-trial written motion served to excuse him from any requirement of making a motion during the trial.[86]

      On this record, the Ohio appeals court did not reach the merits of ground one, finding that claim procedurally defaulted. The appeals court was never presented with the claim that the written pre-trial motion to sever abrogated the requirement of making a motion to sever at the close of the presentation of evidence at trial. And Howard's attempt to now excuse the default in this Court rests on an argument that was never properly before any Ohio court,

---

[84] ECF # 14 at 8.

[85] ECF # 9-17, at 177.

[86] ECF # 9-23, at 398-400.

-21-

since an assertion made for the first time to the Ohio Supreme Court will not be considered by that court.[87]

Further, Howard does not seek to excuse this default by arguing that ineffective assistance of appellate counsel caused the failure to raise this claim to the Ohio appeals court,[88] nor has he made a claim of actual innocence.

This ground was found to be procedurally defaulted by the Ohio appeals court because Howard failed to renew the motion to sever at the close of the evidence as required by Ohio procedural rules. Such a procedural rule has been found to be a regularly followed, adequate, and independent state law basis for precluding federal habeas review.[89] Moreover, the argument now presented by Howard to excuse the default is itself procedurally defaulted for not having been raised in the Ohio court of appeals before it was asserted to the Ohio Supreme Court.

Accordingly, ground one should be dismissed as procedurally defaulted.

---

[87] *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir. 1985); *City of Wooster v. Graines*, 52 Ohio St. 3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citations omitted).

[88] He did assert in his reply brief to the appeals court that his trial counsel was ineffective for not renewing the joinder motion at the close of the evidence (ECF # 9-1 at 298-99), but did not include this example of ineffective assistance in his ineffective assistance claim to the Ohio appellate court. As such, Howard never properly raised this claim to the Ohio courts and it is also procedurally defaulted. *See*, *Everbank Mortgage Co. v. Sparks*, No. CA2011-03-021, 2012 WL 707081, at *2 n.2 (Ohio Ct. App. Mar. 5, 2012) (reply brief "may not be used to raise new assignments of error or new issues for review") (citations omitted).

[89] *Martin v. Hall*, No. 1:09CV0378, 2012 WL 601912, at *5 (N.D. Ohio Feb. 23, 2012) (citation omitted).

**2.      *Ground two should be dismissed as procedurally defaulted, and ground four should be denied on the merits.***

Ground two alleges that Howard was deprived of his Confrontation Clause rights when police officers were permitted to testify about statements made to them by Howard's wife, Nikki, during the investigation. These claims[90] were found procedurally defaulted by the Ohio appeals court because Howard's trial attorney made no contemporaneous objection to the admission of these statements.[91]

Moreover, the Ohio court of appeals, applying the clearly established federal law of *Strickland*,[92] found that Howard's trial counsel was not constitutionally ineffective for failing to object to the introduction of this testimony. The court reasoned: (1) that the admission of Nikki's testimony as to the contents of the cell phone video was proper under the Ohio Rules of Evidence because Nikki was a co-conspirator to the charge of tampering with the evidence of the cell phone video,[93] and (2) that failure to object to: (a) officers recounting Nikki's statements of either S.S.'s admission of sex with Howard, or (b) Howard's comment that "something happened" with S.S. was not prejudicial since those statements were cumulative

_____

[90] Howard raised as separate assignments of error Confrontation Clause claims concerning: (1) statements Nikki made to officers about S.S. admitting to Nikki that she had engaged in sex with Howard and Howard admitting to Nikki that "something happened" with S.S., although giving no specifics; and (2) Nikki's statement to officers after she had viewed a cell phone video on Howard's cell phone that the video showed "S.S. dancing wearing only a towel on her head." ECF 9-20 at 378-79.

[91] ECF # 9-20, at 380.

[92] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[93] ECF # 9-20, at 380, 383.

-23-

of the other evidence of record, and Howard has not shown that, but for their admission, the result at trial would have been different.[94]

Here, ground four's claim of ineffective assistance of counsel must be addressed first. If, as the Ohio appeals court determined, Howard's trial counsel was not ineffective in failing to object to the introduction of the comments made by his wife to investigating officers, then ground four must be denied on the merits, and ground two – which relates to the admission of those statements – must be dismissed as procedurally defaulted with no basis shown for excusing the default.

As to Nikki's comments about (1) what was on the cell phone video, and (2) what S.S. and Howard may have revealed to Nikki about their relationship, the state court relied in both circumstances on a finding, *inter alia*,[95] that Nikki's comments, even if improperly admitted, were not prejudicial because they were merely cumulative of other evidence and that the results of the trial would not clearly have been different in the absence of this evidence. For the reasons that follow, this conclusion is not an unreasonable application of *Strickland*.

First, as to S.S.'s own statements that she was sexually involved with Howard, the record is literally full of such evidence, including S.S.'s own testimony to the grand jury and

---

[94] *Id.*, at 383.

[95] The court alternatively raised grounds for finding no prejudice in the application of the co-conspirator exception to the hearsay rule. Because it not necessary to examine this basis for the decision, which involves a comparison of federal and state standards for the co-conspirator exception, I make no recommended findings in this regard.

her statements to the nurse examining her for sexual assault.[96] As to Howard's remark that "something [unspecified] happened" with S.S., the record here also contains circumstantial evidence for the same thing. Specifically, as cited by the appeals court, Howard's reaction of slamming his head into glass and threatening suicide, as well as testimony from another witness who overheard Howard say after his arrest that his career was over and he just wanted to die.[97]

Thus, with many other sources of proof to establish that Howard had a sexual relationship with S.S., it cannot be said that the results at trial would clearly have been different if this statement of Nikki was not admitted.

Similarly, Nikki's testimony as to the contents of the cell phone video was also not the only evidence of the video or its content. As noted by the Ohio appeals court, when it considered this claim in the context of an insufficiency of the evidence argument:

> {¶63} The evidence that supported Howard's conviction for Count 51 included more than Nikki's statement concerning the contents of the cell phone video. The jury also listened to Howard's phone call from jail wherein Howard asked

---

[96] *See*, *id.*, at 343-44.

[97] *Id.*, at 331. There was also testimony from the detective who arrested Howard that Howard told the detective he was going to take the detective's service weapon from him and shoot himself if the detective came any closer and then told the detective to take him to jail "before he changed [his] mind." When another detective at the scene asked Nikki and Howard's father-in-law why Howard would want to kill himself, they both told the second detective that "they had some suspicion that something was going on between Howard and Nikki's 12-year-old sister, S.S." *See*, *id.*, at 323-24. There were also transcripts of the MySpace chats between Howard and S.S. where, among other things, Howard tells S.S. to delete all her messages to him and her responses because "[Nikki] is looking to[o] far into things again." *Id.*, at 337-40.

Nikki to get rid of his cell phone's SD card that was in his wallet. (State's Ex. 25). During the phone call, Howard asks if Nikki found what he was talking about in his wallet, and she says "yes." (Id.). Nikki then asks, "whose is this?" and Howard admits it is his. (Id.). Nikki then asks "what am I supposed to do" and begins crying. (Id.). Howard indicates that he never had intercourse with "her," and Nikki sobbingly asks Howard "why did you do this, why?" (Id.). Howard then asks Nikki "are you still with me," and Howard then instructs Nikki to "get rid of it, now." (Id.). Nikki replies that she's looking at it now; Howard tells Nikki "please don't, please, please, please" several times; and Nikki states that she has to watch the whole thing. (Id.). In the background, a young girl is heard giggling and laughing on what sounds like a video clip. (Id.). After viewing the item, Nikki states, "I just don't understand," and Howard promises he will "make it better" when he gets out of jail, and there will be no more secrets between them. (Id.). Aside from this evidence, the jury heard evidence of S.S.'s prior Grand Jury testimony that Howard made a cell phone video of her in the shower. (June 28-30 and July 1-2, 2010 Tr. at 581). Viewing this evidence in a light most favorable to the prosecution, a reasonable jury could conclude that Howard violated R.C. 2907.321(A)(1) and R.C. 2907.323 (A)(1).[98]

Accordingly, even if Howard's trial attorney was constitutionally ineffective for not objecting to the introduction of hearsay testimony about what Nikki told officers about the cell phone video, the recorded phone call described above establishes that Howard has not shown that the results of the trial on this count would clearly have been different by eliminating the hearsay. Thus, Howard has not established that the state appeals court unreasonably applied *Strickland* in denying Howard's claim that his trial attorney was constitutionally ineffective.

Accordingly ground four – ineffective assistance of counsel – should be denied on the merits because the state appeals court did not unreasonably apply the clearly established

---

[98] *Id.*, at 366-67.

federal law of *Strickland* to this claim. Further, because there was no ineffective assistance of counsel, Howard should be found to have procedurally defaulted his claim in ground two – the Confrontation Clause claim – because he has not established cause for his failure to make a contemporaneous objection at trial and so excuse the default. Therefore, ground two should be dismissed.

### 3. *Ground three – that there was insufficient evidence to support Howard's conviction for tampering with evidence – should be denied.*

Howard argues here that his conviction for tampering with the cell phone video of S.S. was not based on sufficient evidence because "[n]o evidence was presented that anyone actually altered or destroyed evidence."[99]

Under the clearly established federal law of *Jackson v. Virginia*,[100] the evidence must be viewed in the light most favorable to the prosecution, with all inferences drawn in favor of the prosecution, to determine if any rational trier of fact could have found all the essential elements of the charged offense proven beyond a reasonable doubt. Moreover, as the State observes, proving an insufficiency of the evidence charge at the federal habeas level involves a double deference – first, there is the deference owed to the jury's findings, which is contemplated by *Jackson*, and then the federal court must accord deference to the conclusions of the reviewing state appeals court, which evaluated the claim.[101]

---

[99] ECF # 14 at 15.

[100] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[101] *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011).

Here, the state appeals court, which had previously set out the controlling law of

*Jackson*, denied this claim as follows:

{¶76} The offense of tampering with evidence is codified in R.C. 2921.12 and provides, in pertinent part: "[n]o person, knowing that an official proceeding or investigation is in progress * * * shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]" R.C. 2921.12(A)(1). R.C. 2923.03(A)(4) provides: "[n]o person, acting with the kind of culpability required for the commission of an offense shall * * * [c]ause an innocent or irresponsible person to commit the offense." "A person acts purposely when it is his specific intention to cause a certain result * * *." R.C. § 2901.22(A). "[I]ntent, lying as it does within the privacy of a person's own thoughts, is not susceptible of objective proof [; and therefore,] intent can be determined from the surrounding facts and circumstances, and persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts." *State v. Garner* (1995), 74 Ohio St.3d 49, 60, 656 N.E.2d 623.

{¶77} The complicity to tampering with evidence charge stems from Howard's phone conversation with Nikki from jail wherein he asks Nikki to "get rid of" his SD card, which contained a video of S.S. dancing naked on it. As we mentioned earlier, what appears to be the contents of the video was heard in the background of the phone conversation between Nikki and Howard. The testimony at trial demonstrated that law enforcement arrived at Howard's parents' home to retrieve the SD card from Nikki less than two hours after the phone conversation when the SD card was playing the video. Although Nikki refused to provide law enforcement with the SD card at first, eventually Nikki went inside the home, without the accompaniment of a law enforcement officer, and retrieved the SD card. When Nikki presented the SD card for the officer to play the video, the phone displayed an error message. Nikki stated that she did not erase or destroy the SD card; however, the BCI & I lab was unable to open the SD card, which Moore testified was unusual absent tampering. The jury was also aware of the fact that Nikki was being very supportive of her husband, even after seeing the video of S.S. dancing naked, to the point of disowning her own family and implicating her own father in the crime. Viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could conclude that Howard solicited Nikki to alter or

-28-

destroy the SD card with the purpose of impairing its value or availability as evidence against her husband.[102]

Far from failing to prove, as Howard contends, that there was any actual destroyed or altered evidence, the testimony cited by the appeals court in this regard includes proof that less than two hours after hearing the sounds of hearing a young girl giggling as Nikki watched a video on Howard's cell phone in tears, and heard Howard tell her to "get rid of it," police retrieved the SD card from Nikki, who had gone into Howard's parents' house, alone, to obtain the SD card for the cell phone at issue. But, when Nikki presented that card to officers so that they could view the video, the phone displayed an error message. Though Nikki denied destroying or erasing the SD card, the jury heard prior testimony that she was being supportive of Howard, even after viewing the video of her sister on it, and further heard testimony from an officer of the Ohio Bureau of Criminal Investigation – which could not open the SD card – that it would be unusual to not open this SD card absent tampering.

Thus, the jury knew there was a video that was viewable – Nikki watched it in the presence of Howard while on the taped phone call – that became unviewable under circumstances not explainable except by tampering just two hours later after Nikki – who had been told to destroy this evidence by Howard and who was supportive of Howard – had been out of the sight of police. On this record, the state appeal court did not unreasonably apply *Jackson* to this claim, so ground three should be denied on the merits.

---

[102] ECF # 9-20, at 373-75.

## Conclusion

For the reasons stated, I recommend that the petition of Jody Howard for a writ of

habeas corpus be dismissed in part and denied in part as is more fully set forth above.

Dated: September 8, 2014                                 s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the
specified time waives the right to appeal the District Court's order.[103]

---

[103] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-30-