UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JODY D. HOWARD, | ) | CASE NO. 3:13cv405 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| NEIL TURNER, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr., recommending that the petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254, be dismissed in part and denied in part. (Doc. No. 15.) Petitioner has filed timely objections to the R&R. (Doc. No. 17 ["Obj."].) Respondent filed neither objections nor any response to petitioner's objections.

I. **BACKGROUND**

Because petitioner does not take issue with the statement of facts set forth in the R&R, the statement of facts is accepted, and the Court will only review those facts relevant to petitioner's objections. Petitioner Jody D. Howard ("petitioner" or "Howard") was tried in state court on multiple counts of rape in violation of Ohio Rev. Code § 2907.02(A)(1)(b), gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4), pandering obscenity involving a minor in violation of Ohio Rev. Code § 2907.321(A)(5) (a fourth degree felony), and illegal use of a minor in nudity-oriented material or performance in violation of Ohio Rev. Code § 2907.323(A)(1). He was also tried on single counts of pandering obscenity involving a minor in

violation of Ohio Rev. Code § 2907.321(A)(1) (a second degree felony), and complicity to tamper with evidence in violation of Ohio Rev. Code § 2923.03(A)(4) and § 2921.12(A)(1). The charges stemmed from petitioner's alleged sexual abuse of his 13-year-old sister-in-law, his creation of obscene material involving the minor, his possession of child pornography, and his complicity with his wife to destroy evidence following his arrest. *State v. Howard*, No. 9-10-50, 2011 WL 2766027, at *1 (Ohio Ct. App. July 18, 2011).

The evidence relating to the tampering with evidence charge involved a recorded phone call between petitioner and his wife while petitioner was in jail awaiting trial on the state charges. During the call, petitioner and his wife discussed a video on his phone that purported to depict the minor sister-in-law dancing naked wearing nothing but a towel on her head. Petitioner asked his wife to get rid of his cell phone's secure digital card ("SD card"), which purportedly contained the video of the minor dancing. *Id.* at *1, *17-*19, *21.

Prior to trial, petitioner unsuccessfully moved to sever the rape and gross sexual imposition charges from the remaining charges. Following a jury trial in 2010, defendant was convicted of all charges. It is undisputed that trial counsel did not renew his client's motion to sever at the conclusion of the State's case or at any time prior to the conclusion of the trial. Petitioner was ultimately sentenced to an aggregate term of 36 years' imprisonment. *Id.* at *1.

On direct appeal, petitioner raised twelve assignments of error. Of relevance to the present federal habeas application, petitioner argued that the trial court erred by denying his motion to sever. The state appellate court found that petitioner waived all but plain error as to this claim because his trial counsel failed to renew the motion to sever at the close of the State's case or at the close of the evidence. *Id.* at *26 (citing *State v. Miller*, 664 N.E.2d 1309, 1317 (Ohio Ct. App. 1995)). Applying the plain error standard, the appellate court rejected the

assignment of error, finding that petitioner failed to demonstrate that the result of the trial clearly would have been different if the trial court had granted the motion to sever. *Id.*

Also relevant to the present habeas petition, Howard argued that the evidence was insufficient to support his conviction for complicity to tamper with evidence. The state appellate court rejected this assignment of error, as well, finding the evidence, which included the recorded call from jail and the testimony of officers, sufficient to support the conviction under Ohio Rev. Code § 2921.12. *Id*. at *24-*25.

After petitioner exhausted his state remedies, he sought federal habeas relief. In the R&R, the magistrate judge recommended that the Court find that petitioner had procedurally defaulted on his claim that the trial court erred in denying his motion for a severance. The magistrate judge determined that Ohio's procedural requirement that motions to sever must be renewed at the conclusion of the State's case provided an adequate and independent ground for denying the assignment of error. In so finding, the magistrate judge noted that petitioner's argument that, under Rule 51 of the Ohio Rules of Criminal Procedure ("Ohio Rule 51"), his pretrial written motion excused him from renewing the motion was not properly presented to a state appellate court such that his excuse was also procedurally defaulted. (R&R at 2029-31[1].) The R&R further recommended that the Court find that the state court properly applied the federal standard for judging effectiveness of counsel to find that trial counsel's failure to object to the admission of various statements did not rise to the level of ineffective assistance of counsel. (*Id*. at 2032-36.) Finally, the magistrate judge rejected petitioner's argument that no rational trier of fact could have found that he tampered with evidence. (*Id*. at 2036-38.)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

3

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b)(any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

It is also well settled that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citations omitted). Only "specific" objections are entitled to de novo review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error are too general." *Spencer*, 449 F.3d at 725 (quotation marks and citation omitted). The Court need not consider any part of the

magistrate judge's disposition to which no proper objections have been lodged. *See Mira*, 806 F.2d at 637 (citations omitted).

After review of those objections to which a proper objection has been made, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Accordingly, this Court has conducted a de novo review of the portions of the magistrate judge's R&R to which petitioner has properly objected.

### III. PETITIONER'S OBJECTIONS

#### A.     Objection One

Petitioner contends that, in finding that his claim that a severance was improperly denied was procedurally defaulted, the magistrate judge essentially ignored "precedent from this district[,]" namely, a 2008 unreported decision from this district judge that petitioner believes supports his position that Ohio Rule 51 excused his need to renew his objection to the severance ruling. (Obj. at 2045-46, citing *Hoffner v. Bradshaw*, No. 3:05-cv-687, 2008 WL 8943882 (N.D. Ohio July 23, 2008).) Before the Court addresses the merits of petitioner's Ohio Rule 51 claim, two observations are necessary.

First, "[t]his Court is not bound by the decisions of its fellow District Judges." *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) ("A district court is not bound by another district court's decisions, or even an opinion by another judge of the same district court[.]"); *see United States v. Johnson*, 34 F. Supp. 2d 535, 538 n.3 (E.D. Mich. 1998) (citation omitted). Likewise, an unreported decision does not serve as binding authority. *See, e.g., United States v. Orlando*, 363 F.3d 596, 602 (6th Cir. 2004). Thus, while this Court will consider another district court's determination of state law, it is certainly not bound by it. *See Griffin v.*

*Reznick*, 609 F. Supp. 2d 695, 704 (W.D. Mich. 2008) (citations omitted).

Second, and more importantly, in petitioner's zeal to reach the merits of his Ohio Rule 51 argument, he has overlooked the fact that the magistrate judge also found that his Ohio Rule 51 argument, itself, was procedurally defaulted because Howard did not raise it until his petition before the Ohio Supreme Court, and did not attempt to excuse his failure to raise it on direct appeal by arguing ineffectiveness of appellate counsel. (R&R at 2030-31.) Having failed to demonstrate cause and prejudice for his procedural default, the Court need not reach the merits of this claim. *See Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir. 1985); *see also Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003). Petitioner's first objection is overruled.

Even if the Court were to reach the merits of this claim, petitioner would not be entitled to habeas relief. Ohio Rule 51 provides: "An exception, at any stage or step of the case or matter, is unnecessary to lay a foundation for review, whenever a matter has been called to the attention of the court by objection, motion, or otherwise, and the court has ruled thereon." Ohio R. Crim. P. 51. Petitioner's counsel argues that because Howard brought his request for severance to the attention of the trial court pretrial, he was excused from renewing his request at the conclusion of the trial. This is not the first time counsel has raised this very issue.

In *Howard v. Richard*, No. 1:12-cv-867, 2014 WL 358424 (S.D. Ohio Jan. 31, 2014), *supplementing on reconsideration*, 2014 WL 1685902 (S.D. Ohio Apr. 29, 2014), the court rejected counsel's argument that he was excused from renewing his motion to sever after the State's case. In so ruling, the court explained in some length that Ohio Rule 51 was inapplicable because it related to a "relic from prior times," when an attorney was required to register an exception to any ruling that adversely affected his client. *Id*. at *5. Tracing the history of the use of "exceptions" in the law and drawing the distinction between "exceptions" and "objections,"

6

the court observed that "Ohio R. Crim. P. 51 was intended to canonize abolition of the exception requirement in Ohio practice and has no relevance to the rule relied on by the court of appeals in this case about renewing an objection to joinder at trial." *Id*.

The Court finds this reasoning persuasive and rejects petitioner's argument that Ohio Rule 51 excused his need to renew his objection to joinder at the conclusion of the State's case. In so ruling, the Court declines to follow the unreported district court decision in *Hoffner*, which relied on Ohio Rule 51 to excuse a death penalty petitioner's failure to renew his objection to a jury instruction.[2] A federal habeas court is generally bound by a state court's interpretation of state law. *See Railey v. Webb*, 540 F.3d 393, 398 (6th Cir. 2008) (quotation marks and citation omitted); *Maldonado v. Wilson*, 416 F.3d 470, 476 (6th Cir. 2005) (quotation marks and citation omitted). Ohio courts recognize the procedural rule that an objection to joinder must be renewed at trial. *See State v. Sapp*, 822 N.E.2d 1239, 1251-52 (Ohio 2004) (collecting cases recognizing the rule); *Miller*, 664 N.E.2d at 1317 (citations omitted); *State v. Walker*, 585 N.E.2d 848, 851 (Ohio Ct. App. 1990) (collecting cases). The rule represents an adequate and independent ground for denying the claim. Petitioner's first objection is overruled.

### B.     Objection Two

Petitioner's second objection provides simply, "[f]or the same reasons as argued above for saving the first ground for relief from procedural default, the second ground for relief pertaining to the Confrontation Clause violation should not have been defaulted and this Court should conduct a de novo review." (Obj. at 2046.) This objection appears to be directed to the finding in the R&R that petitioner's claim that he was deprived his constitutional right to confrontation when police were permitted to testify about statements made by petitioner's wife

---

[2] The court in *Howard* also rejected the decision in *Hoffner*, underscoring the fact that it cited no Ohio authority to support its application of Ohio Rule 51. *See Howard*, 2014 WL 358424, at *5.

was procedurally defaulted.[3] To the extent that petitioner is arguing that Ohio Rule 51 should have been applied to excuse his trial counsel's failure to make a contemporaneous objection to these statements at trial, the objection is denied for the same reasons as set forth in the Court's ruling on petitioner's first objection. To the extent that he is attempting to advance a different reason to excuse the default, the objection is overly general and does not entitle him to de novo review. *See Mira*, 806 F.2d at 637 (citations omitted).

    C.    **Objection Three**

In a related objection, petitioner argues that the magistrate judge applied the wrong standard when evaluating the state appellate court's application of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) to his claim that trial counsel was ineffective for failing to object to the introduction of his wife's statements. Specifically, petitioner complains that the magistrate judge repeatedly burdened petitioner with the duty to show that "the results of the trial would not ***clearly have been*** different" in order to establish prejudice flowing from ineffective assistance by counsel. (Obj. at 2047, quoting the R&R at 2033, 2034, 2035, emphasis supplied by Obj.)

The familiar *Strickland* standard requires a defendant claiming ineffective assistance of counsel to demonstrate that counsel's performance fell below an objective standard of reasonable performance and that prejudice arose from counsel's performance. *Strickland,* 466 U.S. at 686. "With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

---

[3] The R&R notes that the state appellate court held that the admission of the wife's testimony as to the contents of the cell phone was proper under the Ohio Rules of Evidence because the wife was a co-conspirator, and the admission of the remaining statements was not prejudicial because the statements were merely cumulative of the other evidence offered at trial. (R&R at 2032-33.)

reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Strickland*, 466 U.S. at 694.)

This standard is different than the plain error standard applied by Ohio appellate courts to claims that have been waived. "Plain error review requires a finding that the outcome *clearly* would have been different, while an ineffective assistance of counsel claim requires only a *reasonable probability* that the result would have been different.'" *Duque v. Hudson*, No. 1:06CV2987, 2008 WL 465351, at *7 (N.D. Ohio Feb. 20, 2008) (quoting *State v. Jones*, 683 N.E. 2d 87, 95 (Ohio Ct. App. 1996) (emphases in original) (additional citations omitted)).

Even under the *Strickland* standard, however, a petitioner's burden to show prejudice is considerable. "'Surmounting *Strickland*'s high bar is never an easy task.'" *Richter*, 562 U.S. at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)). Both standards created by *Strickland* are "highly deferential." *Strickland*, 466 U.S. at 689. Deference is necessary because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial[.]" *Richter*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 689-90). As a result, "the *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve.'" *Id.* (quoting *Strickland,* 466 U.S. at 689-90).

"Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 562 U.S. at 105. The standard of review under § 2254(d) is also highly deferential, and when the two are combined, "review is 'doubly' so[.]'" *Id*. (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).)

Where, as here, § 2254(d) applies, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Even if the R&R applied a higher standard of review,[4] petitioner has failed to show how the doubly deferential standard for habeas review of trial counsel's performance, properly applied, would have established a reasonable probability that, but for counsel's unprofessional errors (assuming there were any), the result of the proceeding would have been different. Specifically, petitioner has failed to address the state court's findings that the testimony regarding his wife's statements was either properly admitted as the statement of a co-conspirator, not objected to as part of a reasonable trial strategy, or that the statements were merely cumulative of other evidence supporting the convictions in this case. Moreover, the Court has reviewed the state appellate court's application of the *Strickland* standard—which, it should be noted, *did not* include a requirement that petitioner show that, but for the alleged ineffectiveness, the result *clearly* would have been different—and finds that it does not represent an unreasonable application of *Strickland*.[5] Petitioner's third objection is overruled.

### D.     Objection Four

In his fourth objection, petitioner states "Mr. Howard reasserts his argument from his Traverse, that the trial court's conviction for complicity to tampering with evidence was based

---

[4] To the extent that the R&R required petitioner to show that the result "clearly" would have been different under *Strickland*, the Court does not accept that portion of the R&R.

[5] Rejecting petitioner's argument that trial counsel was ineffective for failing to object to the admission of his wife's statements concerning petitioner having sex with the minor, the state appellate court found that it could "not conclude that, but for their admission, the result of the proceeding would have been different." *Howard*, 2011 WL 2766027, at *29. In reaching this conclusion, the court recognized both that the decision to object to certain testimony can fall within legitimate trial strategy, and that co-conspirator statements were admissible under Ohio R. Evid. 801(D)(2)(e). *Id.*

on insufficient evidence and objects to the [m]agistrate's finding otherwise." (Obj. at 2048.) This objection does nothing more than register a disagreement with the magistrate's suggested resolution, and reiterates, in perfunctory fashion, his prior argument. As such, it is not a proper objection necessitating de novo review. *See Spencer*, 449 F.3d at 725; *Aldrich*, 327 F. Supp. 2d at 747.

### IV. CONCLUSION

For all of the foregoing reasons, the Court concludes that there is no basis upon which to grant a writ of habeas corpus. Accordingly, the R&R is accepted in part, as set forth above, the petition is denied, and the case is dismissed. Further, the Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 21, 2016

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**